**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leonardo PORTILLO–VEGA, Defendant–Appellant.**

No. 13–10411.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2014.*

Filed July 9, 2014.

Anthony William Church, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Robert James McWhirter, Esquire, Law Offices of Robert J. McWhirter, Tempe, AZ, for Defendant–Appellant.

Before: O'SCANNLAIN, SACK **, and BEA, Circuit Judges.

MEMORANDUM ***

Leonardo Portillo–Vega appeals his conviction and sentence under 8 U.S.C. § 1326 for illegal reentry after deportation.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Portillo–Vega contends that his conviction should be vacated and the indictment against him dismissed because his identity was the fruit of an illegal arrest by state authorities. Assuming—without deciding—that Portillo–Vega was illegally arrested and that he has not waived his illegal-arrest claim by entering an unconditional guilty plea, his argument is foreclosed by Supreme Court and Ninth Circuit precedent. *I.N.S. v. Lopez–Mendoza,* 468 U.S. 1032, 1039, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."); *United States v. Guzman–Bruno,* 27 F.3d 420, 421–22 (9th Cir.1994) (holding, within the context of a prosecution under 8 U.S.C. § 1326, that neither defendant's "identity nor the records of his previous convictions and deportations could be suppressed as a result of the illegal arrest").

Portillo–Vega attempts to distinguish these cases, and raise a separate basis for vacating his conviction, by claiming that the illegal arrest constituted outrageous government conduct. Because Portillo–Vega did not raise this argument before the district court, it is waived, *United States v. Robertson,* 52 F.3d 789, 791 (9th Cir.1994) ("Issues not presented to the district court cannot generally be raised for the first time on appeal."), and none of the exceptions to waiver apply here. *Id.*

Portillo–Vega also argues that the Sixth Amendment prohibited the district court from increasing Portillo–Vega's sentence based on his prior felony conviction, since the existence of the conviction was not a fact found by the jury. The Supreme Court rejected precisely this argument in *Almendarez–Torres v. United States,* 523 U.S. 224, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Portillo–Vega claims that subsequent cases have overruled *Almendarez–Torres,* but the Supreme Court has expressly declined to revisit its holding in that case. *See Alleyne v. United States,* — U.S. —, 133 S.Ct. 2151, 2160 n. 1, 186 L.Ed.2d 314 (2013). *Almendarez–Torres* continues to bind us. Consequently, Portillo–Vega's Sixth Amendment argument fails.

**AFFIRMED.**